KAREN NELSON MOORE, Circuit Judge,
concurring.
While I agree with the bulk of Judge Batchelder’s well-reasoned opinion, I write separately to highlight an area where we diverge slightly. Judge Batchelder expresses concern that an appellate court’s piecemeal consideration of asserted inconsistencies in the petitioner’s testimony before the IJ may “den[y] the IJ the opportunity to diagnose incredibility from all of its cumulative symptoms!] and similarly depart!] from the deferential substantial evidence standard of review.” Maj. Op. at 18. But (as Judge Batchelder notes) under that standard, we reverse an IJ’s adverse credibility determination only if the record compels the conclusion that the petitioner was credible. Bah v. Gonzales, 462 F.3d 637, 640 (6th Cir.2006) (quoting 8 U.S.C. § 1252(b)(4)(B)).
As I see it, appellate courts must assess individually each asserted instance of incredibility to determine accurately whether the record compels such a conclusion. Courts, including this one, have made such individualized assessments without diluting the substantial-evidence standard. See, e.g., Bah, 462 F.3d at 640-42 (considering each purported discrepancy individually and concluding that “[t]he IJ’s determination that Bah lacked credibility was not based on overwhelming evidence; however, Bah has not met the ‘high standard of compelling a contrary result.’ ” (citation omitted)); Vasha v. Gonzales, 410 F.3d 863, 869 (6th Cir.2005) (“though several of the inconsistencies identified by the IJ were unsupported and the implausibilities were based on mere speculation, we conclude that review of the record as a whole does not compel a contrary result”); Singh v. Ashcroft, 398 F.3d 396, 402 (6th Cir. 2005) (“Although this is a close case and several of the grounds upon which the IJ relied are somewhat questionable, we conclude that the evidentiary record does not compel a finding that Singh’s testimony was credible with respect to his INA-based claims for asylum and withholding of removal.”); Shmyhelskyy v. Gonzales, 477 F.3d 474, 479-81 (7th Cir.2007) (considering inconsistencies seriatim and concluding that the evidence did not compel reversal of the IJ’s credibility determination); Don v. Gonzales, 476 F.3d 738, 741-43 (9th Cir.2007) (same). I trust my colleagues on the bench to continue to employ this analysis and to apply the proper standard. Accordingly, I see no reason to discourage future panels of this court from carefully reviewing administrative records in this fashion.